UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DELIA GRANADOS,

                Plaintiff,

      -against-

NYS DOCCS, COUNSEL OFFICE; LUCY
LANG, ATTORNEY GENERAL,

                Defendants.

22-CV-8804 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Delia Granados brings this *pro se* action alleging that Defendants have violated her rights.[1] By order dated October 18, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the amended complaint but grants Plaintiff 30 days' leave to replead her claims.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Granados v. NYS DOCCS*, No. 1:22-CV-0557 (GTS/CFH) (N.D.N.Y. Oct. 12, 2022). By order dated October 12, 2022, Magistrate Judge Christian F. Hummel transferred the action to this court. (*See* ECF 7.)

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff originally filed her claims in the United States District Court for the Northern District of New York using four separate form complaints created by that court for asserting claims under each of the following causes of action: (1) the Americans with Disabilities Act of 1990 ("ADA"), (ECF 1); (2) Title VII of the Civil Rights Act of 1964, (ECF 1-1); (3) 42 U.S.C. § 1983, (ECF 1-2); and (4) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (ECF 1-3). The Northern District of New York treated Plaintiff's submissions as one complaint. Plaintiff names as Defendants "NYS DOCCS," which the Court understands to be the New York State Department of Corrections and Community Supervision, and Lucy Long, whom she identifies as "Attorney General."[2] (*See* ECF 1, at 2.)

On the ADA complaint form, in response to the question asking Plaintiff to identify her disability, she writes, "panic attacks being away from my loved one when we were together for 10 years and he has another 3 or 4 years of his sentenced 2026."[3] (*Id.* at 2.) In the facts section of the ADA complaint form, Plaintiff states, "NYS DOCCS does not want to give any report under Public Laws 87 when my name is on their report so its not privacy under Freedom Act." (*Id.* at 3.) To indicate the discriminatory actions of which she is complaining, Plaintiff checks the box for "Other acts as specified below," and states, "defamation of character racial profiling officers lying under false pretency [illegible] with holding evidence to cover officer." (*Id.* at 4.) Plaintiff

---

[2] Lucy Long is the New York State Inspector General.

[3] Plaintiff uses irregular capitalization. For readability, the Court uses standard capitalization when quoting from Plaintiff's submission. The Court otherwise quotes the submission verbatim. All grammar, spelling, and punctuation are as in the original submission unless otherwise noted.

further states, "this has been the second time that NYS DOCCS suspended my visitation indefinitely and let the inmate visitor other visitation without proper punishment." (*Id.*) On a page taken from an Age Discrimination in Employment Act complaint form, Plaintiff writes, "I am a white female that visits my African American Boyfriend in Dutchess County where they do not agree with interracial couples." (*Id.* at 5.) Plaintiff alleges that she was 40 years old at the time of the alleged discriminatory act. (*Id.*) She also uses the form complaint to state that the alleged discriminatory act occurred on May 23, 2022, and that the U.S. Equal Employment Opportunity Commission (EEOC) issued a Right to Sue letter also on May 23, 2022. (*See id.* at 5-6.) In the section of the complaint form to state the relief she seeks, Plaintiff states that she seeks that Defendants "reinstate indefinite suspension for visitation to NYS DOCCS facility." (*Id.* at 6.)

On a separate form complaint for submitting claims under Title VII, Plaintiff checks boxes indicating that she is bringing an action under Title VII for discrimination based on her race or color. (*See* ECF 1-1, at 2.) She describes the "conduct complained of in this action" as involving "affirmation of character." (*Id.* at 2.) In the facts section of the Title VII complaint form, Plaintiff states that on an unspecified date, she "filed an Article 78 case with Albany Supreme Court to reinstate my visitation to challenge Administrative from NYS DOCCS and Attorney General which neither one complied with Judge Hartman when she wrote them 4 occassions and no response given and had her file an ex parte to dismiss my case." (*Id.* at 3.) Plaintiff states that she would "like all FOIL request of evidence without editing from defendant on incident Aug 2021 which they denied my request." (*Id.*) She also seeks an "explanation of why inmate Daniels 15A4711 was only place in solitary confinement for 130 days after tier 3 hearing and when appealed his visitation it got reinstated." (*Id.* at 4.) Plaintiff further states that

"NYS DOCCS and Otisville did not place Mr. Daniels in a SOP Program for their allegations when they claimed he and were an endangerment to children on the visiting floo[r]." (*Id.*) In response to the form's question asking whether she filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights, or the EEOC regarding the alleged discriminatory acts, Plaintiff indicates that she did so on May 23, 2022, the same date she signed the complaint. (*See id.*) In the prayer for relief section of the form, Plaintiff states that she seeks "[r]einstatement for visitation for false allegations with no probable evidence officer falsifying statement indefendant suspension lifted." (*Id.* at 5.)

On another separate form complaint for actions brought under 42 U.S.C. § 1983, Plaintiff names "NYS DOCCS" as the sole defendant. (ECF 1-2, at 2.) On this form, she states,

> Officer Greco falsifid  reporting inmate Daniels 15A4711 exposing himself with no cameras revealing this allegations – Officer Grecco was not the officer at the incident the names of the officer Wilson an[d] Lt Shalahan Daniels was sentenced to 130 days I was sentenced indefineted suspension the facility and NYS DOCCS are refusing to give me reports to provide to court.

(*Id.*)

Plaintiff states that she seeks, "reinstatement of my visitation suspension lifted by the NYS DOCCS for false allegation officer writing a report under false pretense"; "for NYS DOCCS to be [illegible] to provide all evidence reports sentencing to Inmate Daniels 15A4711 and all notification sent to Delia Granados"; and "a written statement from the NYS DOCCS to in fact confirm as well as Attorney General that they received all notification from Judge Hartman of NYS Supreme Court in Albany County." (*Id.* at 3.)

On yet another complaint form – this one for submitting claims under *Bivens* – Plaintiff again names NYS DOCCS as the sole defendant and states that she seeks "[r]einstatement and suspension indefinitely lifted" and "[a]ll evidence presented to Ms Granados to submit to court including recording hearing for Mr. Daniels letters from NYS DOCC." (ECF 1-3, at 1-2.) As

relief, she seeks, "[r]einstatement of visitation, suspension lifted immediately this has gone back and fourth for almost a year and they are coming up with many excuses not to reinstate or comply with courts." (*Id.* at 3.)

On May 31, 2022, Plaintiff submitted to the Northern District a 48-page "supplement" to her complaint, which appears to be the case file for an appeal to the Appellate Division, Third Department, involving a case she brought in state court involving the same matter. (*See* ECF 5.) On June 10, 2022, Plaintiff filed an "exhibit" that she explains is an

> exhibit that I wrote to the New York state department of corrections when I wrote a notarized letter that they requested they did not submit the records I requested that enclosed by affidavit and denial letter. [T]his corporation is playing games they know what paperwork I am request her [sic] is a letter from the councils office proving this matter.

(ECF 6, at 1.)

On October 25, 2022, after the action was received by this court, Plaintiff filed additional "exhibits" to "help my case to prove the discrimination affirmation of character using evidence from my previous violation which was expunged by a judge and is irrelevant to this case since it is not the same charge." (ECF 10, at 1.) On October 31, 2022, Plaintiff submitted another 43 pages of "exhibits." (ECF 11.)

Independent of this action, on September 20, 2022, Plaintiff filed a case in the United States District Court for the Eastern District of New York in which she asserted claims that are substantially similar to the claims she asserts here. *See Granados v. NYS DOCCS*, No. 22-CV-05421 (LDH) (E.D.N.Y. Oct. 24, 2022). By order dated October 24, 2022, the Eastern District of New York transferred that action to this court, where it was opened under docket number 22-CV-9222 (LTS). Plaintiff's transferred action was assigned to the Court's docket and by order dated

5

November 2, 2022, the Court dismissed that action as duplicative of this action, and without prejudice to Plaintiff's claims pending in this action.[4] *Granados*, ECF 1:22-CV-9222, 8.

Finally, on November 14, 2022, Plaintiff filed an amended complaint in this action using this court's general amended complaint form. (ECF 12.) She names as Defendants NYS DOCCS, DOCCS Acting Commissioner Anthony Annucci, New York State Attorney General Letitia James, and Woodbourne Correctional Facility Superintendent David Howard. Plaintiff checks the box on the form to invoke the court's federal question jurisdiction and, in response to the question asking which of her federal constitutional or federal statutory rights have been violated, Plaintiff writes, "28 U.S.C. 1915(A)(3)."[5] (*Id.* at 2.) She states that the events underlying her claims occurred at Otisville Correctional Facility on August 29, 2021. In the "facts" section of the complaint form, Plaintiff states,

> Plaintiff proceeding pro se bring this action alleging Defendants discriminating against her denying her visitation with her boyfriend at Woodbourne Correctional Facility because of incident that occur[r]ed at Otisville Correctional Facility[.] Plaintiff seeks reinstatement of her visiting privil[e]ges and money damages for the reasons set forth below. NYS DOCCS were depryving her right to visit her boyfriend.

(*Id.* at 5.)

Plaintiff also references her previous action that was dismissed as duplicative, stating, "Sought action reinstatement of visitation ands money damages previous case 22-CV 92222 [sic]

---

[4] In the complaint in No. 22-CV-9222, Plaintiff named as defendants NYS DOCCS, New York State Attorney General Letitia James, Acting DOCCS Commissioner Anthony Annucci, and Woodbourne Correctional Facility Superintendent David Howard. The Court's order dismissing that case noted that, if Plaintiff wishes to change the parties or claims in this case, No. 22-CV-8804, she may do so by filing an amended complaint in this action, to the extent permitted under Rule 15 of the Federal Rules of Civil Procedure. *See* ECF 1:22-CV-9222, 8.

[5] The citation provided by Plaintiff, 28 U.S.C. § 1915(a)(3), is a provision of the IFP statute that states, "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Plaintiff's purpose in referring to this statute is unclear.

was dismissed since there was a duplicate case 22-CV 8804[.] In this case I am amending my complaint for 22CV8804 to add additional defendants that were in previous case under Rule 15 of the Federal Rules of Civil Procedure." (*Id.*)

In the amended complaint, Plaintiff seeks reinstatement of her visitation privileges, $300,000 in damages, and requests "[a]ll charges [d]ropped." (*Id.* at 6.)

## DISCUSSION

In light of Plaintiff's *pro se* status and the Court's obligation to liberally construe her pleadings, the Court construes the claims Plaintiff asserts on the four original complaint forms, the amended complaint, and the various supplements and exhibits as constituting a single pleading. The Court construes Plaintiff's entries on the various forms as asserting claims under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's submission – which consists of allegations spread across multiple complaint forms, a "supplement," several letters, and an amended complaint – does not comply with Rule 8. It is unduly repetitive, uses forms for submitting complaints under statutes which appear to have little relation to Plaintiff's allegations, and does not contain a short and plain statement showing that Plaintiff has a plausible claim for relief.[6] The Court grants Plaintiff leave to file an amended complaint that complies with Rule 8 and addresses the deficiencies identified below. Plaintiff must assert her claims using a single complaint form and she should avoid unnecessary repetition.

## B.      NYS DOCCS and Attorney General Letitia James

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief. *See Green v. Mansour*, 474 U.S. 64, 72-74 (1985); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting

---

[6] If the Court construed only the amended complaint as the operative pleading, it would also fail to satisfy Rule 8, but for the opposite reason. Plaintiff's allegations in the amended complaint are generalized conclusions that lack specific factual support; they do not provide enough factual detail to allow the Court to draw the inference that the defendants are liable for the alleged misconduct.

42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Because NYS DOCCS is an arm of the State of New York, it is protected by Eleventh Amendment immunity. The Eleventh Amendment also precludes Plaintiff's claims under Section 1983 for damages against James, who is a New York State official, in her official capacity. *See, e.g.*, *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 392 (2d Cir. 2022) ("[T]he Eleventh Amendment bars the award of money damages against state officials in their official capacities.").[7]

The Court therefore dismisses Plaintiff's Section 1983 claims against NYS DOCCS and her official-capacity claims against New York State Attorney General Letitia James under the doctrine of Eleventh Amendment immunity, for lack of subject-matter jurisdiction.[8] Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction." ); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction." ); *see* 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff should not assert claims against these

---

[7] A plaintiff can sue a state official in his or her official capacity, notwithstanding the Eleventh Amendment, if the plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d 612, 618 (2d Cir. 2007) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *Berman Enterprises, Inc. v. Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) ("[A]cts of state officials that violate federal constitutional rights are deemed not to be acts of the state and may be the subject of injunctive or declaratory relief in federal court." (*citing Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). Here, Plaintiff does not allege facts suggesting that James is committing an ongoing violation of federal law or that she is seeking prospective injunctive relief against her.

[8] Because Plaintiff named Letitia James as a defendant in the amended complaint, but did not name "Attorney General Lucy Long" as a defendant, it appears Plaintiff may have intended to abandon any claims against Long. To the extent Plaintiff is seeking to assert official-capacity claims for damages under Section 1983 against Long, who is the New York State Inspector General, those claims would fail for the same reasons as Plaintiff's official-capacity claims against James.

9

immune defendants. If Plaintiff names immune defendants in her amended complaint, her claims against those defendants will be summarily dismissed.

## C.    Personal Involvement

To the extent that Plaintiff is suing James, Annucci, and Howard, under Section 1983 for damages in their individual capacities, she fails to state claim. To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Here, Plaintiff does not allege any facts showing how James, Annucci, and Howard were personally involved in the events underlying her claims. Plaintiff therefore fails to state a claim for damages under Section 1983 against James, Annucci, and Howard in their individual capacities.[9] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[9] To the extent Plaintiff seeks to assert individual-capacity claims for damages against Long, those claims would again fail for the same reasons as Plaintiff's other individual-capacity claims under Section 1983.

### D.  Procedural Due Process

The Court construes Plaintiff's allegations as attempting to assert a claim under Section 1983 that Defendants violated her right to procedural due process under the Fourteenth Amendment when her visitation privileges with her boyfriend were suspended. "The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995); *see also Hynes v. Squillance*, 143 F.3d 653, 658 (2d Cir. 1998) (To state a procedural due process claim, a plaintiff must "demonstrate that he possessed a protected liberty or property interest, and that he was deprived of that interest without due process of law."). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted).

Where the government deprives a plaintiff of some property interest pursuant to an established procedure,[10] procedural due process is generally satisfied so long as some form of hearing is provided before the individual is deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). By contrast, a government official's random and unauthorized act does not violate procedural due process if a meaningful post-deprivation remedy is available; when the government cannot predict precisely when the loss of the property interest will occur, it would be impossible to provide a meaningful hearing *before* the deprivation of the property

---

[10] Conduct is undertaken in accordance with established state procedures when, for example, it is "'pursuant to a statute, code, regulation, or custom,'" or is the result of a decision made by a high-ranking official with "'final authority over significant matters.'" *See Viteritti v. Inc. Vill. of Bayville*, 918 F. Supp. 2d 126, 134 (E.D.N.Y. 2013) (quoting *Chase Grp. Alliance LLC v. City of New York Dep't of Fin.,* 620 F.3d 146, 152 n.3 (2d Cir. 2010)).

interest. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v Williams*, 474 U.S. 327, 330-31 (1986); *see also Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 882 (2d Cir. 1996) ("[T]here *is no* constitutional violation . . . when there is an adequate state post-deprivation procedure to remedy a random, arbitrary deprivation of property or liberty.") (italics in original). "[I]f a plaintiff had an opportunity to contest a defendant's actions but failed to do so, [however,] there can be no claim for violation of his or her procedural due process rights under 42 U.S.C. § 1983." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 113 (S.D.N.Y. 1991).

Here, the alleged property interest of which Plaintiff asserts she was deprived is her ability to visit her incarcerated boyfriend. Plaintiff fails to state a due process claim because prison vistation is generally not considered a property interest to which procedural due process is owed. "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972). "It is well established that contact visits for prisoners are only a privilege and not a right." *Gatson v. Selsky*, No. 94-CV-0292 (RSP) (GJD), 1997 WL 159258, at *3 (N.D.N.Y. Apr. 4, 1997) (citing *Block v. Rutherford*, 468 U.S. 576, 589 (1984); *Toussaint v. McCarthy*, 801 F.2d 1080 (9th Cir. 1986) (reviewing cases)). Because visitation is a privilege afforded at the discretion of prison officials, no due process right is implicated if the privilege is withdrawn. *See Kentucky Dep't of Corr. v. Thompson,* 490 U.S. 454, 461 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a

prison sentence, and therefore is not independently protected by the Due Process Clause.");

*Mateo v. Heath*, No. 11-CV-636 (LAP), 2012 WL 107586, at *3 (S.D.N.Y. Mar. 29, 2012) ("Most

courts hold that contact visits of prison inmates are a privilege for inmates, not a right, and thus

do not give rise to a liberty interest protected by the due process clause"); *Zimmerman v.*

*Burge,* No. 06-CV-0176 (GLS)(GHL), 2008 WL 850677, *2 (N.D.N.Y. Mar. 28, 2008) (finding

no state-created liberty interest in contact visitation).

Moreover, a prisoner's family member or girlfriend, such as Plaintiff, has no greater

constitutional interest in visitation than the prisoner. *See United States v. Willoughby*, 860 F.2d

15, 21 (2d Cir. 1998), *cert. denied*, 488 U.S. 1033 (1989) (acknowledging that "[c]ontacts

between inmates and noninmates may justify otherwise impermissible intrusions into the

noninmates' privacy"). Plaintiff therefore does not have a property interest in visiting her

incarcerated boyfriend, and without a protected property interest, she cannot state a plausible

claim that she was denied procedural due process.

Even if Plaintiff did have a liberty interest in visitation with her boyfriend, her due

process claim must still be rejected. Plaintiff appears to allege that NYS DOCCS suspended her

visitation rights via an established procedure. If so, she has alleged no facts showing that she has

been denied procedural due process (*i.e.*, notice and a hearing, etc.), or that any procedural due

process provided was inadequate, prior to the suspension of her visitation privileges. To the

extent that Plaintiff is asserting that her visitation privileges were suspended randomly and

without authorization, she does not allege the absence of an adequate post-deprivation state

remedy. In fact, Plaintiff alleges that she filed a proceeding under Article 78 of the New York

Civil Practice Law and Rules and that she appealed the decision in that proceeding to the New

York State Supreme Court, Appellate Division, Third Department. (*See* ECF 1-1, at 3; ECF 1-2,

at 3; ECF 5, at 1; 13, 14, 16.) The government therefore provided Plaintiff with an adequate post-deprivation remedy and Plaintiff took advantage of that remedy.

Because Plaintiff alleges no facts suggesting that she has been deprived of a property right without procedural due process, the Court dismisses these claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E.     State-law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). If Plaintiff fails to state a claim under federal law in her amended complaint, any state-law claims Plaintiff may be asserting will be dismissed under 28 U.S.C. § 1367(c)(3) without prejudice to Plaintiff's pursuing those claims in an appropriate state court forum.

**F.     Leave to Replead**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff's presentation of her claims across multiple documents renders nearly impossible any clear understanding of her

14

allegations, the Court grants Plaintiff 30 days' leave to replead her claims in a single second

amended complaint that complies with Rule 8 and cures the deficiencies identified above.

In the "Statement of Claim" section of the second amended complaint form, Plaintiff

must provide a short and plain statement of the relevant facts supporting each claim against each

defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff

should include all of the information in the second amended complaint that Plaintiff wants the

Court to consider in deciding whether the second amended complaint states a claim for relief.

That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do,
the approximate date and time of each event, and the general location where each
event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory
relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her

federally protected rights and how; when and where such violations occurred; and why Plaintiff

is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement,

her previous filings, any facts or claims that Plaintiff wants to include from the original

complaint must be repeated in the amended complaint.[11] Plaintiff need not present evidence in

support of her claims at this stage in the litigation.

---

[11] Plaintiff may consider contacting the New York Legal Assistance Group's (NYLAG)
Legal Clinic for Pro Se Litigants in the Southern District of New York, which is a free legal
clinic staffed by attorneys and paralegals to assist those who are representing themselves in civil
lawsuits in this court. A copy of the flyer with details of the clinic is attached to this order. The
clinic is currently available **only** by telephone.

**CONCLUSION**

The Court dismisses Plaintiff's Section 1983 claims against NYS DOCCS and her Section 1983 claims for money damages against James in her official capacity under the doctrine of Eleventh Amendment immunity and for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Close v. New York*, 125 F.3d 31, 38-39 (2d Cir. 1997) ("[U]nless New York waived its immunity, the district court lacked subject matter jurisdiction." ); *Atl. Healthcare Benefits Trust v. Googins*, 2 F.3d 1, 4 (2d Cir. 1993) ("Although the parties do not address the Eleventh Amendment in their briefs, we raise it *sua sponte* because it affects our subject matter jurisdiction." ); *see also* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Court dismisses Plaintiff's claims for damages under Section 1983 against James, Annucci, and Howard for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court dismisses Plaintiff's Section 1983 claims for violation of her right to procedural due process for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is granted 30 days' leave to file a second amended complaint that complies with the standards set forth above.

Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 22-CV-8804 (LTS). A Second Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment consistent with this order.

The Clerk of Court is instructed to hold this matter open on the docket until judgment is entered.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    December 6, 2022
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

_____ Civ. _____ (____)

**SECOND
AMENDED
COMPLAINT__**

Jury Trial:  ☐ Yes   ☐ No
(check one)

I.      **Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your identification number and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff       Name _____
                Street Address _____
                County, City _____
                State & Zip Code _____
                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual.  Include the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

*Rev. 12/2009*                          1

Defendant  No. 1     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 2     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 3     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


Defendant  No. 4     Name _____

Street Address _____

County, City _____

State & Zip Code _____

Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions        ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

### III.   Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.      Where did the events giving rise to your claim(s) occur?  _____

_____

B.      What date and approximate time did the events giving rise to your claim(s) occur?  _____

_____

_____

C.      Facts:  _____

_____

What
happened
to you?

_____

_____

_____

Who did
what?

_____

_____

_____

Was anyone
else
involved?

_____

_____

Who else
saw what
happened?

_____

_____

_____

### IV.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.  _____

_____

_____

_____

_____

_____

*Rev. 12/2009*                                        3

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Mailing Address            _____

                          _____

                          _____

Telephone Number          _____

Fax Number *(if you have one)*   _____

<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
         must also provide their inmate numbers, present place of confinement, and address.

<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

Signature of Plaintiff:   _____

Inmate Number            _____

# <u>Notice For Pro Se Litigants</u>



As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.

