UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DELIA GRANADOS,

                Plaintiff,

-against-

NYS DOCCS, COUNSEL OFFICE; LUCY LANG, ATTORNEY GENERAL,

                Defendants.

22-CV-8804 (LTS)

ORDER

---

Laura Taylor Swain, Chief United States District Judge:

    Plaintiff Delia Granados brings this action *pro se*.[1] By order dated October 18, 2022, the Court granted Plaintiff's application to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. On November 14, 2022, Plaintiff filed an amended complaint.[2]

    On November 30, 2022, counsel for Letitia James filed a motion requesting that the time to answer or move with respect to Plaintiff's amended complaint be extended to February 3, 2023 (ECF 13), which the Court granted by memo endorsement dated December 1, 2022 (ECF 14).

    Because Plaintiff is proceeding IFP, however, the Court is required to screen the complaint and to dismiss the complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack*

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Granados v. NYS DOCCS*, No. 1:22-CV-0557 (GTS/CFH) (N.D.N.Y. Oct. 12, 2022). By order dated October 12, 2022, Magistrate Judge Christian F. Hummel, of the Northern District of New York, transferred the action to this court. (*See* ECF 7.)

[2] Plaintiff originally filed her claims using four different complaint forms and numerous "supplements" and "exhibits." The Court construed all of Plaintiff's submissions, including the four original complaints and the amended complaint as a single pleading.

*Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court reviewed Plaintiff's original submissions and, by order dated December 6, 2022, the Court dismissed the complaint for failure to state a claim on which relief may be granted, as barred by the Eleventh Amendment, and for lack of subject matter jurisdiction. (ECF 16); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii); Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status and the confusing nature of her filings, the Court granted her 30 days' leave to file a single second amended complaint that cures the deficiencies outlined in the Court's order to dismiss. On December 19, 2022, Plaintiff filed a second amended complaint.

Additionally, on December 19, 2022, Plaintiff filed a letter requesting that a "telephone hearing" be conducted on February 3, 2023, "instead of by mail." (ECF 26.) Plaintiff has also requested various subpoenas, which the Clerk of Court issued. (ECF 22-25, 28.)

There is no hearing, telephonic or otherwise, scheduled for February 3, 2023, in this action. To the extent that Plaintiff's request is referring to the Court's December 1, 2022, memo endorsement, that order granted Defendant until February 3, 2023, to answer or otherwise respond to Plaintiff's amended complaint. The Court granted Defendant's request prior to its order dismissing the complaint with leave to replead.

The Court is now in receipt of Plaintiff's second amended complaint. As is required by the IFP statute, the Court will screen the second amended complaint in due course, and, if appropriate, issue an order directing service on Defendants.

Defendants are not required to answer or otherwise respond to Plaintiff's second amended complaint until the Court reviews the second amended complaint and directs service on Defendants.

No parties are required, at this time, to respond to subpoenas issued in this action. Plaintiff is directed to cease requesting further subpoenas without prior permission from the Court. The Clerk of Court is directed not to issue subpoenas in this action without express direction from the Court to do so.

## CONCLUSION

Defendants are not required to answer or otherwise respond to Plaintiff's second amended complaint until the Court reviews the second amended complaint and directs service on Defendants.

No parties are required, at this time, to respond to subpoenas issued in this action. Plaintiff is directed to cease requesting further subpoenas without prior permission from the Court. The Clerk of Court is directed not to issue subpoenas in this action without express direction from the Court to do so.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 21, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge