UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DELIA GRANADOS,

      Plaintiff,

-against-

NYS DOCCS, COUNSEL OFFICE; LUCY LANG, ATTORNEY GENERAL,

      Defendants.

---

22-CV-8804 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

  Plaintiff filed this action *pro se* and *in forma pauperis* ("IFP").[1] On December 6, 2022, the Court dismissed the complaint for failure to state a claim on which relief may be granted, as barred by the Eleventh Amendment, and for lack of subject matter jurisdiction.[2] (ECF 16.) In light of Plaintiff's *pro se* status, the Court granted her 30 days' leave to replead her claims in a second amended complaint. Plaintiff filed a second amended complaint, and by order dated February 6, 2023, the Court dismissed the action under the doctrine of Eleventh Amendment immunity, for lack of subject matter jurisdiction, for asserting claims for money damages against defendants immune from such relief, and for failure to state a claim on which relief may be granted. (ECF 35.) The Court entered judgment on the same day. (ECF 36.)

---

[1] Plaintiff originally filed this action in the United States District Court for the Northern District of New York. *See Granados v. NYS DOCCS*, No. 1:22-CV-0557 (GTS/CFH) (N.D.N.Y. Oct. 12, 2022). By order dated October 12, 2022, Magistrate Judge Christian F. Hummel, of the Northern District of New York, transferred the action to this court. (*See* ECF 7.)

[2] Plaintiff filed her claims using four different complaint forms and numerous "supplements" and "exhibits." On November 14, 2022, she filed an amended complaint. The Court construed all of Plaintiff's submissions, including the four original complaints and the amended complaint, as a single pleading.

On February 13, 2023, Plaintiff filed five documents: a notice of motion to vacate the order of dismissal (ECF 37); a declaration in support of a "motion to vacate order or decision on CPLR 3212[,] motion to dismiss defendant counsel and judge" (ECF 38); a notice of motion to "vacate the order of sua sponte that was issued by Judge Swain" (ECF 39); a declaration titled, "serious error was made at my point during point during trial, can be reopen a removal order sua sponte" (ECF 40); and a notice of appeal (ECF 41).

In her first declaration, Plaintiff writes,

> I tried to show defendant meritorious defenses showed material issues of fact and law for court to decide CPLR 3214 motion for summary judgment stays all discover Defendants tries to start early in the action with discovery and shut down of discovery Defendant avoided and failed to comply with discovery and cross move CPLR 3215 motion for order order of reference did not respond to summons and complaint order to rerence oath and report the amount owed to Plaintiff allowing a appearance or fairness in process that is fill with dispute by Plaintiff without court oversight and involvement would be potentially distrusted.

(ECF 38, at 1-2.)[3]

In her second declaration, Plaintiff writes,

> Motion to remand and consolidate with the underlying appeal, evidence was supported equitable filing deadline including evidence of the extraordinary circumstances including affidavid from the Defendant and counsel. Dismissal of a case over removal of case to another judge current judge has conflict of interest bifurcate trial proceeding against the will or all parties judge based ruling on some issue that neither party brought up should not be ruled based on any issue not based on any party to the but solely on information and arguments present and oral arguments.

(ECF 40, at 1-2.)

The Court liberally construes Plaintiff's submission docketed at ECF 37-40 as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), a motion for reconsideration under Local

---

[3] Plaintiff uses irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

Civil Rule 6.3, a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b), and a motion for the recusal of the undersigned. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.    Jurisdiction**

Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But Rule 4 of the Federal Rules of Appellate Procedure provides that a district court has jurisdiction to rule on a motion under Rules 59 or 60 of the Federal Rules of Civil Procedure after a notice of appeal has been filed, if the motion is filed within 28 days after the entry of judgment. Fed. R. App. P. 4(a)(4)(A).

Here, the court received Plaintiff's motion on the same day that she submitted a notice of appeal and within 28 days after judgment was entered. The Court therefore has the authority under Rules 59 and 60 to consider her requests.

**B.    Motion for Recusal**

A judge is required to recuse herself from "any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its

appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). That is, recusal is warranted if "an objective, disinterested observer fully informed of the underlying facts . . . [would] entertain significant doubt that justice would be done absent recusal." *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003) (internal quotation marks and citation omitted).

The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct . . . not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, because recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding," *In re Int'l Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980), a judge is "as much obliged not to recuse [her]self when it is not called for as [s]he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988).

Here, Plaintiff alleges that the undersigned has a "conflict of interest" and is biased against her based on the undersigned's dismissal of her action. (*See* ECF 40, at 2.) Because Plaintiff's request is based on the undersigned's rulings in Plaintiff's judicial action, her motion for recusal is denied. *See Liteky*, 510 U.S. at 555.

C.     **Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009).

"Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted). A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.*

In her motion, Plaintiff appears to argue that the Court lacked the authority to dismiss the action before Defendants could be directed to answer the complaint and before discovery could be conducted. (*See* ECF 38, at 1-2; ECF 40, at 1-2.) As the Court informed Plaintiff in its previous orders, the IFP statute requires the Court to dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1988). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Here, the Court reviewed Plaintiff's original complaint and second amended complaint and, as required, dismissed her claims as barred by the Eleventh Amendment and therefore for lack of subject matter jurisdiction, for asserting claims for money damages against defendants immune from such relief, and for failure to state a claim on which relief may be granted. (*See* ECF 16, 35.)

Plaintiff also references New York State Civil Practice Law and Rules ("CPLR") §§ 3214, 3215, which are provisions relating to summary judgment in New York state court proceedings. (*See* ECF 38, at 1-2.) These references are not applicable to this action because the federal court is generally not subject to state civil procedure law and, in any event, this case has not proceeded to the summary judgment stage.

Plaintiff has therefore failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

### D. Motion for Reconsideration under Local Civil Rule 6.3

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). Thus, a party seeking reconsideration of any order under Local Civil Rule 6.3 must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509.

A motion brought under Local Civil Rule 6.3 must be filed within 14 days "after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.*

For the reasons discussed above, Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Local Civil Rule 6.3.

### E. Motion for Reconsideration under Fed. R. Civ. P. 60(b)

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

6

>   (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Plaintiff's arguments and, even under a liberal interpretation of her motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 37-40) is denied.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why she should not be barred from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 6, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge